IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELVER BENIGNO ZUNIGA MEJIA, an individual, on behalf of himself and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> GOLDEN STAR RESTAURANT, INC., an Illinois corporation d/b/a GOLDEN APPLE GRILL & BREAKFAST HOUSE, and ATHANASIOS DALAKOURAS, an individual, <br><br> Defendants. | Case No.: 1:23-cv-0865 |

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Elver Benigno Zuniga Mejia, on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Golden Star Restaurant, Inc. d/b/a Golden Apple Grill & Breakfast House and Athanasios Dalakouras (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("CMWO"), § 6-105-010 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff, and other similarly situated employees, statutory minimum wages and overtime compensation for hours worked over forty (40) in a workweek. Plaintiff and other similarly situated employees are current and former

1

dishwashers, busboys, cleaners and kitchen staff employees at Defendants' Golden Apple Grill and Breakfast House restaurant.

2. Plaintiff brings his FLSA claims as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party in this collective action is attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Elver Benigno Zuniga Mejia ("Zuniga") is a former employee of the Defendants' Golden Apple Grill & Breakfast House restaurant located at 2971 North Lincoln Avenue in Chicago, Illinois. Plaintiff worked as a dishwasher, busboy and cleaner at Defendants' restaurant from the summer of 2019 through the end of October, 2022.

6. During the course of his employment, Plaintiff regularly used and handled goods and materials, including cleaning products, tools, and utensils which moved in interstate commerce prior to being used or purchased in Illinois.

7. Plaintiff resides in and is domiciled in this judicial district.

8. Defendant Golden Star Restaurant, Inc. is an Illinois corporation that operates the Golden Apple Grill & Breakfast House restaurant ("Golden Apple") located on North Lincoln

Avenue in Chicago, Illinois and is engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on and off its premises.

9. Defendant Golden Star Restaurant, Inc. is registered in Illinois as a corporation and its president, secretary, registered agent and registered office are located within this judicial district.

10. Defendants have earned more than $500,000 in annual gross revenue during 2020, 2021, 2022 and 2023.

11. Defendant Athanasios Dalakouras ("Dalakouras"), also known as "Tom", is an owner and the manager of the Golden Apple restaurant and he is an owner and president of the restaurant's operating entity, Golden Star Restaurant, Inc.

12. At all times relevant to this action, Defendant Dalakouras possessed extensive oversight over the Golden Apple restaurant and its business operations. Defendant Dalakouras was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

13. Defendant Dalakouras resides in and is domiciled within this judicial district.

**COMMON ALLEGATIONS**

14. During the period from at least February, 2020 through October, 2022, Plaintiff Zuniga regularly worked six (6) or seven (7) days each workweek with variable hours. For example, one work schedule provided that Zuniga work Tuesday from 6:00 a.m. to 4:00 p.m.; Wednesday from 11:00 a.m. to 9:00 p.m.; Thursday from 11:00 a.m. to 2:00 a.m.; Friday and Saturday from 7:00 a.m. to 6:00 p.m.; and, Sunday from 8:00 a.m. to 6:00 p.m., with Monday

3

off. Another schedule provided that Zuniga work Monday and Wednesday from 11:00 a.m. to 10:00 p.m.; Tuesday from 6:00 a.m. to 4:00 p.m.; Thursday through Saturday from 7:00 a.m. to 6:00 p.m.; and, Sunday from 8:00 a.m. to 6:00 p.m. (True and correct copies of Plaintiff's work schedule samples are attached hereto as Exhibit B.)

15. Based on his variable work schedules, Plaintiff regularly worked at least sixty (60) hours in individual workweeks, and as much as seventy-five (75) hours in individual workweeks, from February, 2020 through October, 2022.

16. At all times relevant, Defendants imposed a dual wage payment scheme on Plaintiff, and other similarly situated employees, in which they paid a portion of Plaintiff's wages with a payroll check, usually for forty (40) hours or forty-five (45) hours of work per week, and paid for the remainder of Plaintiff's work hours with unreported cash at his straight time hourly rate of pay.

17. With respect to wages paid with a payroll check, Defendants elected to pay Plaintiff, and other similarly situated employees, using a tip credit. Defendants paid hourly wages below the minimum wage and purported to use tips to make up the difference. However, Defendants committed numerous minimum wage and tip credit violations which invalidated the tip credit and required Defendants to pay Plaintiff, and other similarly situated employees, the full minimum wage. Defendants' violations included: (a) paying insufficient direct wages; (b) falsely recording tips as having been paid to Plaintiff, (c) failing to pay any direct wages for certain hours of work; and, (d) failing to notify Plaintiff of the tip credit rules and regulations,

18. As a result of Defendants' payment schemes, Plaintiff was paid below the statutory minimum wage rates throughout his term of his employment.

19. Additionally, Defendants did not compensate Plaintiff, and other non-exempt dishwashers, busboys, cleaners and kitchen staff employees, at one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

20. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, § 6-105-120 of the CMWO, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

21. Plaintiff brings his FLSA claims as a collective action on behalf of himself and all other similarly situated current and former dishwashers, busboys, cleaners and kitchen staff employees that worked for Defendants during the last three years before the filing of this suit.

22. During the last three years before the filing of this suit, Plaintiff, and all other similarly situated current and former dishwashers, busboys, cleaners and kitchen staff employees have had substantially similar job descriptions, job requirements and pay rates.

23. Plaintiff, and all other similarly situated current and former dishwashers, busboys, cleaners and kitchen staff employees, were paid below the statutory minimum wage rates.

24. Additionally, Plaintiff and other similarly situated current and former dishwashers, busboys, cleaners and kitchen staff employees worked more than forty (40) hours in individual workweeks and did not receive an overtime premium for hours worked in excess of forty (40) in a workweek.

25. Plaintiff and the other similarly situated dishwashers, busboys, cleaners and kitchen staff employees were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay statutory minimum wages, and willfully refusing to pay

overtime compensation when non-exempt employees worked in excess of forty (40) hours in an individual workweek.

26. During the last three years before the filing of this suit, Defendants had a common policy and practice that consisted of (a) compensating the Plaintiff and other similarly situated current and former dishwashers, busboys, cleaners and kitchen staff employees below the required minimum wage and (b) not paying overtime compensation to the named Plaintiff and other similarly situated current and former dishwashers, busboys, cleaners and kitchen staff employees for hours worked in excess of forty (40) in a workweek.

27. Defendants at all times failed to pay Plaintiff, and other similarly situated dishwashers, busboys, cleaners and kitchen staff employees, overtime compensation including at a rate of one and one-half times their regular hourly rates of pay when they worked more than forty (40) hours in an individual work week.

28. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

29. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

30. There are numerous similarly situated current and former dishwashers, busboys, cleaners and kitchen staff employees who worked for Defendants' restaurant and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

31. The similarly situated current and former dishwashers, busboys, cleaners and kitchen staff employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

## COUNT I
### Violations of the Fair Standards Labor Act – Overtime Wages

32. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

33. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

34. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §§ 207, 213.

35. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

36. Defendant Golden Star Restaurant, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

37. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and the other non-exempt dishwashers, busboys, cleaners and kitchen staff employees worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

38. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

39. Defendants' violation of the Fair Labor Standards Act by refusing to pay overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime wages even though Plaintiff and other dishwashers, busboys, cleaners and kitchen staff employees were

7

scheduled to work and regularly did work substantially more than forty (40) hours in individual workweeks. Defendants further avoided paying overtime wages by imposing a dual wage payment scheme in which a portion of Plaintiff's work hours were paid with a payroll check, usually forty (40) or forty-five (45) hours per week, with the remainder of Plaintiff's work hours paid by Defendants with cash "under the table". Defendants also issued payroll checks and wage stubs that stated a false number of hours of work and falsely reported payment of tips. Upon information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue departmental agencies. Furthermore, Defendants failed to record the number of hours worked by Plaintiff and other non-exempt employees and Defendants violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Elver Benigno Zuniga Mejia, on behalf of himself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Golden Star Restaurant, Inc., d/b/a Golden Apple Grill & Breakfast House, and Athanasios Dalakouras, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Fair Labor Standards Act – Minimum Wages

40. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

8

41. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

42. Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

43. During the course of Plaintiff's employment with Defendants, Defendants employed other dishwashers, busboys, cleaners and kitchen staff employees who were similarly not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

44. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

45. Defendant Golden Star Restaurant, Inc. is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

46. Pursuant to 29 U.S.C. § 206, Plaintiff, as well as other non-exempt dishwashers, busboys, cleaners and kitchen staff employees were entitled to be compensated according to the applicable minimum wage rate.

47. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt dishwashers, busboys, cleaners and kitchen staff employees minimum wages was willful and not in good faith. Defendants concealed their failure to pay minimum wages by paying Plaintiff with cash "under the table" and by providing wage statement records that falsely reported hours worked and tips paid. On information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiff and other non-exempt employees, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Elver Benigno Zuniga Mejia, on behalf of himself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Golden Star Restaurant, Inc., d/b/a Golden Apple Grill & Breakfast House, and Athanasios Dalakouras, as follows:

    A.    Judgment in the amount of unpaid minimum wages found due;

    B.    Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Overtime Wages

48.    Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

49.    Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

50.    Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

51.    Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

52.    Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

53.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Elver Benigno Zuniga Mejia, prays for a judgment against Defendants, Golden Star Restaurant, Inc., d/b/a Golden Apple Grill & Breakfast House, and Athanasios Dalakouras, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

54. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

55. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

56. Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

57. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

58. Pursuant to 820 ILCS § 105/4, Plaintiff was entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiff, Elver Benigno Zuniga Mejia, prays for a judgment against Defendants, Golden Star Restaurant, Inc., d/b/a Golden Apple Grill & Breakfast House, and Athanasios Dalakouras, as follows:

    A.      Judgment in the amount of unpaid minimum wages found due;

    B.      Statutory damages in the amount of three times the amount of unpaid minimum wages;

    C.      Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

    D.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    E.      Such other and further relief as this Court deems appropriate and just.

## COUNT V
## Violation of the Chicago Minimum Wage and Paid Sick Leave Ordinance – Overtime Wages

59.    Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

60.    Plaintiff was an "employee" under the CMWO § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 6-105-040.

61.    Defendants were each an "employer" as defined in the CMWO § 6-105-010.

62.    Under § 6-105-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

63.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 6-105-040.

**WHEREFORE**, the Plaintiff, Elver Benigno Zuniga Mejia, prays for a judgment against Defendants, Golden Star Restaurant, Inc., d/b/a Golden Apple Grill & Breakfast House, and Athanasios Dalakouras, as follows:

    A.      Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

    B.    Statutory damages in the amount of three times the amount of unpaid overtime;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Chicago Minimum Wage and Paid Sick Leave Ordinance – Minimum Wages

64. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

65. Plaintiff was an "employee" under the CMWO, § 6-105-010 of the Municipal Code of Chicago, and was not exempt from the minimum wage provisions of the CMWO, § 6-105-020.

66. Defendants were each an "employer" as defined in the CMWO, § 6-105-010.

67. Under § 6-105-020, Plaintiff was entitled to be compensated according to the minimum wage requirements of CMWO.

68. Defendants' failure and refusal to pay wages at the minimum wage rate was a violation of the minimum wage provisions of the CMWO § 6-105-020.

**WHEREFORE**, the Plaintiff, Elver Benigno Zuniga Mejia, prays for a judgment against Defendants, Golden Star Restaurant, Inc., d/b/a Golden Apple Grill & Breakfast House, and Athanasios Dalakouras, as follows:

    A.    Judgment in the amount of unpaid minimum wages found due;

    B.    Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

Dated: February 13, 2023                    Respectfully submitted,

                                            Elver Benigno Zuniga Mejia,
                                            on behalf of himself and all other plaintiffs
                                            similarly situated, known and known,
                                            Plaintiff,


                                            /s/ Timothy M. Nolan
                                            _____
                                            Attorney for the Plaintiff


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com

14